## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA

v.

CRIM. NO. 24 - 332 (RAM)

PHANELSON ANDRE
Defendant.

## PLEA AGREEMENT

**TO THE HONORABLE COURT:**

The United States of America, Defendant, **PHANELSON ANDRE**, and Defendant's counsel, Joanna LeRoy, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

### 1. Charges to which Defendant will Plead Guilty

Defendant agrees to plead guilty to count one of the Information in this case, which charges, in sum and substance, that on or about December 17, 2022, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant, Phanelson Andre, who is an alien, as the term is defined in Title 8, United States Code, Section 1101(a)(3), did knowingly and illegally enter the United States. All in violation of Title 8, United States Code, Section 1325(a)(1).

2.    **Maximum Penalties**

Count One: The maximum statutory penalty for the offense charged in Count One of the Information is a term of imprisonment of up to six months or a fine, or both pursuant to 8 U.S.C. §1325(a)(1); a fine not to exceed $5,000.00 pursuant to 18 U.S.C. §3571(b)(6); and a supervised release term of not more than a year, pursuant to 18 U.S.C. §3583(b)(3).

3.    **Sentencing Guidelines Applicability**

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. § § 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

4.    **Special Monetary Assessment**

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

5.    **Fines and Restitution**

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form



500). The United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

### 6.    Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

### 7.    Recommended Sentencing Guidelines Calculations

The Information charges a class B misdemeanor under 18 U.S.C § 3559. As such, the Sentencing Guidelines do not apply. U.S.S.G. § 1B1.9.

### 8.    Sentence Recommendation

As to Count One of the Information, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that the parties will request a sentence of time served.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

16.     **Dismissal of Remaining Counts**

At sentencing, and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining count of the Indictment pending against Defendant in criminal case 22-549 (RAM).

9.      **No Stipulation as to Criminal History Category**

The parties do not stipulate as to any Criminal History Category for Defendant.

10.     **Waiver of Appeal**

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is equal to or less than 6 months of imprisonment, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

11.     **No Further Adjustments or Departures**

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553 shall be sought by Defendant. The parties agree that any request by the parties for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the opposing party will be free to ask for any sentence, either guideline or statutory.

12.     **Satisfaction with Counsel**

Defendant is satisfied with counsel, Joanna LeRoy, Esq., and asserts that counsel has rendered effective legal assistance.

13.    **Rights Surrendered by Defendant Through Guilty Plea**

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement.    Defendant understands that the rights of criminal defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random.   Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

14.    **Stipulation of Facts**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

15.    **Limitations of Plea Agreement**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

16.    **Entirety of Plea Agreement**

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

17.    **No Effect on Pending Investigations**

Defendant acknowledges that the United States has made no promises regarding possible future charges against him and he understands this plea agreement provides him no protection against any such potential charges.

18.    **Amendments to Plea Agreement**

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

19.    **Voluntariness of Plea Agreement**

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

20.    **Breach and Waiver**

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free

from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

## 21.    Potential Impact on Immigration Status

Defendant is an alien. Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, he may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

W. STEPHEN MULDROW
United States Attorney

Jenifer Hernandez
Assistant U.S. Attorney
Chief, Child Exploitation and Immigration
Dated: 6/19/2024

Phanelson ANDRE
Phanelson Andre
Defendant
Dated: 08/30/24

Madeline M. Mas Saavedra
Assistant U.S. Attorney
Dated: 06/18/2024

Joanna LeRoy, Esq.
Counsel for Defendant
Dated: 9/3/24

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel through an interpreter has translated the Plea Agreement to me in the Haitian Creole language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 08/30/24

Phanelson ANDRE
Phanelson Andre
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement through an interpreter and explained it in the Haitian Creole language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 9/3/24

Joanna LeRoy, Esq.
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, Defendant **PHANELSON ANDRE** admits that he is guilty as charged in the Information and admits the following:

On or about December 16, 2022, at approximately 6:45p.m., the United States Border Patrol ("USBP") Ramey Sector Dispatch in Aguadilla, Puerto Rico, received reports from the United States Coast Guard ("USCG") Sector San Juan regarding a vessel detected by one of their air assets, approximately forty-six nautical miles northwest of Aguadilla, in Puerto Rico. Customs and Border Protection ("CBP") Office of Air and Marine later reported that the detected vessel was detected by their air asset travelling at seven knots, at twenty-six nautical miles northwest Aguadilla, Puerto Rico.

On December 17, 2022, at approximately 4:00 a.m., a Border Patrol Agent operating a mobile surveillance capabilities equipment acquired the detected vessel traveling without navigational lights, getting closer to shore approximately seven nautical miles from Aguada, Puerto Rico. BPA operating the MSC coordinated an intercept of the vessel with a Puerto Rico Police Department marine unit ("FURA"). FURA intercepted the vessel at sea at approximately three nautical miles from shore of Aguada, Puerto Rico. The vessel was a twenty-five-foot blue homemade vessel, powered by one sixty horsepower outboard engine. On the intercepted vessel were found approximately forty-two non-citizen individuals on board, including ANDRE.

PA

USAO-DPR-Plea Agreement

Page | 10

FURA marine unit contacted USCG to transfer all bodies to their cutter due to safety of Life At Seas. No USCG cutter was available to respond, reason why all individuals were transported by sea to PRPD-FURA station located in Añasco, Puerto Rico. USBP Ramey Station Agents responded to the area to assume custody of all individuals. Upon arrival, Border Patrol Agents identified themselves as immigration officers and questioned all individuals, including ANDRE as to their immigration status in the United States. ANDRE stated that he was a national of Haiti, and that he did not have valid immigration documents to enter, to be in, or to remain in the United States legally.

All forty-two individuals, including ANDRE were arrested and transported to Ramey Border Patrol for further investigation, processing, and removal proceedings. At the Ramey Station, ANDRE's photograph and fingerprints were taken and entered into different law enforcement databases. Record checks revealed the following:

(a) on May 4, 2022, ANDRE was found among fifty-nine individuals attempting to illegally enter the United States at or near Rincón, Puerto Rico. The vessel at the time failed to heave to FURA agents' commands to stop. The vessel made a landfall in Rincón, Puerto Rico, where ANDRE was arrested by Ramey Station Border Patrol Agents. ANDRE was transported to Ramey Station in Aguadilla, Puerto Rico.

(b) on May 6, 2022, ANDRE was processed at Ramey Station for an Expedited Removal with a Credible Fear Claim.

(c) on May 10, 2022, ANDRE was transferred to Immigration and Customs Enforcement ("ICE") in Miami, Florida.

(d) on June 30, 2022, the Citizenship and Immigration Services determined "No Fear Found" on ANDRE's fear claim.

(e) on July 27, 2022, a Credible Fear determination by CIS was affirmed by an Immigration Judge. ANDRE was referred and returned to ICE for removal.

(f) on September 6, 2022, ANDRE was officially and physically removed from the United States to Haiti from the Port of Alexandria, Louisiana.

Border Patrol Agents advised ANDRE of his right to legal representation and his right to speak with the Consul of his native country, Haiti.

ANDRE, who is an alien, as the term is defined in Title 8, United States Code, Section 1101(a)(3), did knowingly and illegally enter the United States.

Had the United States proceeded to trial, the Government would have presented testimony from law enforcement agents, testimony from an expert fingerprint analyst, the Defendant's removal documents, and other documentary evidence.

Discovery was provided to the defense in a timely manner.

Madeline M. Mas Saavedra
Assistant U.S. Attorney
Dated: 06/18/2024

Phanelson ANDRE
Defendant
Dated: 08/30/24

Joanna LeRoy, Esq.
Counsel for Defendant
Dated: 9/3/24